# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | |
|---|---|
| JOHN T. DANIEL, | |
|      Plaintiff, | CIVIL ACTION NO.: 6:18-cv-88 |
|   v. | |
| TERENCE KILPATRICK; TAMARSHA SMITH; CLARK; RIVERA; and GEORGIA DEPARTMENT OF CORRECTIONS, | |
|      Defendants. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at Hancock State Prison in Sparta, Georgia, brought this 42 U.S.C. § 1983 action to challenge certain conditions of his confinement at Smith State Prison in Glennville, Georgia. Doc. 1. The Court granted Plaintiff leave to proceed *in forma pauperis*. Docs. 2, 5. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's monetary damages claims against all Defendants in their official capacities and all claims against Defendant Georgia Department of Corrections. Further, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis* as to these claims. However, I **FIND** Plaintiff's claims for excessive force, deliberate indifference, and retaliation are not due to be dismissed at this time. Consequently, a copy of Plaintiff's Complaint, doc. 1, and a copy of this Order shall be served upon Defendants Rivera, Clark, Smith, and Kilpatrick by the United States Marshals Service without prepayment of cost.

**BACKGROUND**

On June 4, 2018, while Plaintiff was incarcerated at Smith State Prison, Defendant Rivera went to Plaintiff's cell and repeatedly slammed Plaintiff's arm in the metal tray flap. Doc. 1 at 5. Defendant Rivera then attempted to pepper spray Plaintiff. Id. Plaintiff asked Defendant Rivera to visit the medical clinic for treatment of his arm but was denied. Id. Plaintiff alleges he filed a grievance to Defendants Kilpatrick, Smith, and Clark, who referred the excessive force claim for a criminal investigation, but did not respond or take action on his request for medical care. Id. at 6. Plaintiff states Defendant Rivera later threatened him for filing a grievance. Id. Plaintiff seeks compensatory damages, court costs, and a transfer away from Defendant Rivera. Id. at 8.

**STANDARD OF REVIEW**

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).

When reviewing a complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i)

"if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . ." (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

# DISCUSSION

## I.    Official Capacity Claims

It is unclear whether Plaintiff is suing the named Defendants in their individual or official capacities.  However, Plaintiff cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency or a state officer in his official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983.  Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections.  Accordingly, the Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities.  See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).  Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief.  However, to the extent Plaintiff successfully states a constitutional claim, he may seek injunctive relief against any Defendant in their official capacity.  Ex parte Young, 209 U.S. 123, 148–50 (1908).  Therefore, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

## II.     Plaintiff's Claims Against the Georgia Department of Corrections

Plaintiff named the Georgia Department of Corrections as a Defendant but failed to provide any facts or theories to support these claims.  Even if Plaintiff alleged a cognizable § 1983 claim against the Georgia Department of Corrections, such a claim would ultimately fail. The immunity provisions of the Eleventh Amendment serve as a bar to § 1983 actions against the Georgia Department of Corrections.  Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [a plaintiff's § 1983] action against the Georgia Department of Corrections . . . .").  This bar applies regardless of whether Plaintiff seeks money damages or prospective injunctive relief.  Id.  Accordingly, I **RECOMMEND** the Court **DISMISS** the Georgia Department of Corrections from this action.

## III.     Plaintiff's Excessive Force Claim Against Defendant Rivera

"Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied in a good faith effort to maintain or restore discipline and not maliciously or sadistically to cause harm."  Skrtich v. Thornton, 280 F.3d 1295, 1300 (11th Cir. 2002) (quotations and alteration omitted).  In determining whether force was applied "maliciously and sadistically," courts consider—among other things—"the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  Id. at 1300.  After considering these factors, a court may draw inferences about "whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur."  Id. at 1300–01.

Plaintiff alleges Defendant Rivera repeatedly slammed his hand in the tray flap of his cell door and attempted to pepper spray him. Doc. 1 at 5. Accordingly, Plaintiff's excessive force claims against Defendant Rivera are not due to be dismissed at this time.

## IV. Plaintiff's Deliberate Indifference Claims

The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). In the medical care context, the standard for cruel and unusual punishment is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Id. at 828. To prove a deliberate indifference to medical care claim, a prisoner must: (1) "satisfy the objective component by showing that [he] had a serious medical need"; (2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and (3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id.

Under the second, subjective element of a deliberate indifference claim, the Eleventh Circuit Court of Appeals has consistently required "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Thus, this component requires an inmate to prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but

less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011).

The final element of a deliberate indifference claim requires a plaintiff to show "the constitutional violation caused the injury." Cottone v. Jenne, 326 F.3d 1352, 1358 (11th Cir. 2003) (citing Marsh v. Butler County, 268 F.3d 1014, 1028 (11th Cir. 2001)). Causation "can be shown by personal participation in the constitutional violation." Goebert, 510 F.3d at 1327. If defendants were deliberately indifferent to plaintiff's serious medical needs, their respective indifference caused plaintiff's continued suffering.

Plaintiff alleges he had cuts and bruising on his arm, he directly asked Defendant Rivera for medical treatment, and Defendant Rivera did not take any steps to obtain medical care for Plaintiff. Doc. 1. Accordingly, Plaintiff's deliberate indifference to medical needs claim against Defendant Rivera is not due to be dismissed at this time. See Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990) ("When prison guards ignore without explanation a prisoner's serious medical condition that is known or obvious to them, the trier of fact may infer deliberate indifference."); see also Aldridge v. Montgomery, 753 F.2d 970, 972–73 (11th Cir. 1985) (finding an actionable claim where treatment for a bleeding cut was delayed for two and a half hours).

In addition, Plaintiff sent a grievance to Defendants Clark, Smith, and Kilpatrick complaining about his arm and the need for medical treatment. Doc. 1 at 6. Defendants responded in part to Plaintiff's grievance but did not address or take action on his request for medical treatment. Id. Based solely on these allegations, Plaintiff put Defendants Clark, Smith, and Kilpatrick on notice about his serious medical need, but those Defendants did not take steps

to ensure Plaintiff received necessary care.  Id.  Accordingly, Plaintiff's deliberate indifference claims against Defendants Clark, Smith, and Kilpatrick are not due to be dismissed at this time.

**V.      Plaintiff's Retaliation Claim Against Defendant Rivera**

The Eleventh Circuit has adopted a three-part test for determining whether a plaintiff has an actionable First Amendment retaliation claim.  Bennett v. Hendrix, 423 F.3d 1247, 1250–51 (11th Cir. 2005).  Under the test, a plaintiff must establish: (1) that his speech or act was constitutionally protected; (2) that the defendant's retaliatory conduct adversely affected the protected speech; and (3) that there is a causal connection between the retaliatory actions and the adverse effect on speech.  Id. at 1250.  "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of his First Amendment rights."  Id. at 1254.  Accordingly, the Eleventh Circuit explained that a plaintiff need not show that his own exercise of First Amendment rights has been chilled, but instead a plaintiff can establish an injury if he can show that the retaliatory acts are sufficiently adverse that a jury could find that the acts would chill a person of ordinary firmness from exercising his First Amendment rights.  Id. at 1254–55.

Plaintiff alleges that after he filed his grievance, Defendant Rivera threatened him with physical harm explicitly for filing a grievance.  Doc. 1 at 6.  Prong one is satisfied because filing a grievance is a constitutionally-protected activity.  Pittman v. Tucker, 213 F. App'x 867, 870 (11th Cir. 2007).  In addition, Plaintiff alleges facts that go toward the other two prongs of a retaliation claim.  See id. (finding a cognizable First Amendment claim where a prison administrator verbally threatened an inmate for his filing of grievances).  Thus, Plaintiff's retaliation claim against Defendant Rivera is not due to be dismissed at this time.

**VI.     Leave to Appeal *in Forma Pauperis***

As stated, the Court should dismiss all claims for monetary damages against Defendants acting in their official capacities, as well as all claims against the Georgia Department of Corrections.  Accordingly, the Court should also deny Plaintiff leave to appeal *in forma pauperis* as to these claims.[1]  Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are multiple claims that should be dismissed as frivolous, and any appeal of these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal as to these claims.

---

[1]     A certificate of appealability is not required in this § 1983 action.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's monetary damages claims against all Defendants in their official capacities and his claims against Defendant Georgia Department of Corrections. Further, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis* as to these claims. However, I **FIND** Plaintiff's claims for excessive force, deliberate indifference, and retaliation are not due to be dismissed at this time. Consequently, a copy of Plaintiff's Complaint, doc. 1, and a copy of this Order shall be served upon Defendants Rivera, Clark, Smith, and Kilpatrick by the United States Marshals Service without prepayment of cost.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

## INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to defendants by first-class mail and request that defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within 10 days of the notice of

deposition, written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

### INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 et seq. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendant. Interrogatories are not to contain more than 25 questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendants may initiate. Upon no less than five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to

answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

**<u>ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING
MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT</u>**

Defendants may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory

allegations contained within the complaint. Should Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 7th day of January, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA