FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 8:30 am, Feb 12, 2021

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

JOHN T. DANIEL,

          Plaintiff,

    v.

TERENCE KILPATRICK; TAMARSHA
SMITH; CLARK; and RIVERA,

          Defendants.

CIVIL ACTION NO.: 6:18-cv-88

## O R D E R

This matter is before the Court on Plaintiff's Response to this Court's January 22, 2021 Order, doc. 34.  Doc. 38.  This Court directed Plaintiff to provide additional, personally identifiable information for Defendant Rivera, as the United States Marshals Service encountered difficulty in serving this Defendant.  Doc. 34.  In response, Plaintiff has provided a physical description for Defendant Rivera, the last known whereabouts for Defendant Rivera, and the name of another officer Plaintiff claims witnessed the incident at issue in this case.  Doc. 38.

On January 7, 2020, this Court ordered service of Plaintiff's Complaint upon Defendants and advised each Defendant of his duty to avoid unnecessary costs when service is executed. Doc. 12.  The Court noted a defendant "who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver."  Id. at 6 (citing Fed. R. Civ. P. 4(d)(2)).  The United States Marshals Service initially sent the service waiver to Defendant Rivera on January 15, 2020, and the certified mail cards

were returned on January 23 and March 18, 2020.  Doc. 21.  The waiver requests were returned

as unexecuted on March 18, 2020, and were filed on March 24, 2020.  Id.  The Court ordered the

United States Marshals Service to personally serve Defendant Rivera with a copy of the January

7, 2020 and October 27, 2020 Orders within 30 days of the October 27, 2020 Order, if

practicable.  Doc. 26 at 1.  The Court also instructed Plaintiff to provide any information he

might have regarding Defendant Rivera's whereabouts to the United States Marshals Service.

Id. at 2.  The Marshals Service signed the Return, dated December 17, 2020, with the notations:

"Unexecuted-No Such Person" at Smith State Prison.  Doc. 30.  This Return was filed on

January 13, 2021.  The Court then ordered Plaintiff to provide additional information about

Defendant Rivera, which he did.  Docs. 34, 38.

In light of Plaintiff's response and description of Defendant Rivera, the Court once again

**ORDERS** the United States Marshals Service to personally serve Defendant Rivera with a copy

of the Court's January 7, 2020, October 27, 2020, and January 22, 2021 Orders, docs. 12, 26, 34,

Plaintiff's Response, doc. 38, and this Order within 30 days of this Order.  The Court

understands the difficulties the Marshals Service can encounter with service-related issues,

particularly in light of the COVID-19 pandemic.  However, the Court also understands the

Marshals Service cannot expend its limited resources to make multiple attempts at service.  Thus,

the Court forewarns Plaintiff, should the Marshals Service be unable to personally serve

Defendant Rivera, even with the additional, personally identifiable information Plaintiff has

provided, it may dismiss Plaintiff's claims against Defendant Rivera.  The Court assesses the

costs of both attempts at personal service against Defendant Rivera.

**SO ORDERED**, this 12th day of February, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA