IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JOHN T. DANIEL, | |
| Plaintiff, | CIVIL ACTION NO.: 6:18-cv-88 |
| v. | |
| TERENCE KILPATRICK; TAMARSHA SMITH; and CLARK, | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants Kilpatrick, Clark, and Smith's Motion for Summary Judgment. For the following reasons, I **RECOMMEND** the Court **GRANT** these Defendants' Motion for Summary Judgment, **DIRECT** the Clerk of Court to enter the appropriate judgment, and **DENY** Plaintiff *in forma pauperis status* on appeal. Because I have recommended granting summary judgment in favor of Defendants, I **DENY as moot** Plaintiff's Motion to Stay Proceedings.[1]  Doc. 43.

### BACKGROUND

Plaintiff brought this 42 U.S.C. § 1983 action relating to excessive force and his medical treatment while incarcerated at Smith State Prison ("SSP"). Doc. 1. After conducting the requisite frivolity review, the Court dismissed all of Plaintiff's claims for monetary damages against Defendants sued in their official capacities and all claims against the Georgia Department of Corrections. Docs. 11, 15. However, the Court allowed Plaintiff's claims for deliberate

---

[1] Plaintiff sought a stay of this matter, pending receipt of Defendants' initial disclosures. However, Rule 26 initial disclosures are not required in proceedings involving pro se plaintiffs who are incarcerated. Fed. R. Civ. P. 26(a)(1)(B)(iv).

indifference to medical treatment against Defendants Kilpatrick, Clark, and Smith to proceed. In his Complaint, Plaintiff alleges these three Defendants denied his oral request for medical treatment after Defendant Rivera used excessive force.[2]  Doc. 1.  Plaintiff sues these Defendants for monetary damages and declaratory and injunctive relief.  Id. at 8.

## UNDISPUTED MATERIAL FACTS[3]

**I.   Parties**

Plaintiff is a state prisoner who is currently incarcerated at Macon State Prison in Oglethorpe, Georgia, but was incarcerated at SSP in June 2018.  Doc. 36-1 at 1.  In June 2018, Defendant Terence Kilpatrick was the Warden at SSP, Defendant Tarmarshe Smith was the Deputy Warden of Security at SSP, and Defendant Lee Clark was the Deputy Warden of Care and Treatment at SSP.  Id.

**II.  Use of Force and Medical Treatment**

Plaintiff contends on June 3, 2018, former Defendant Rivera used excessive force.  Id. at 2; Doc. 45 at 2.  Defendants Kilpatrick, Smith, and Clark were not present at the time of the alleged use of force by former Defendant Rivera.  Doc. 36-1 at 2.  As a result of the incident,

---

[2]   Defendant Rivera has never been served in this action, despite efforts by the United States Marshals Service.  Doc. 52.  Indeed, the United States Marshals Service has been unable to locate Defendant Rivera using the information provided by Plaintiff.  Accordingly, the Court has dismissed all claims against Defendant Rivera.  Id.; Doc. 53.

[3]   Plaintiff has not specifically admitted or denied the majority of Defendants' statement of facts. Docs. 44, 45.  Thus, all of the material facts Plaintiff has not addressed are deemed admitted under this Court's Local Rules.  Local R. 56.1.  After reviewing all of Plaintiff's briefing, the Court concludes Plaintiff does not dispute most of the facts presented by Defendants.  Plaintiff primarily disputes whether Defendants were deliberately indifferent to his medical needs by denying his request for medical care. The Court notes Plaintiff's Complaint is a sworn Complaint.  Id.  However, the Court expressly warned Plaintiff he "may not rest on the allegations in [his] pleadings alone" for summary judgment purposes. Doc. 37.  And Plaintiff has not relied on or cited to his Complaint in his summary judgment briefing. Accordingly, the Court does not consider the sworn Complaint as part of the record for summary judgment purposes.  Even if the Court had considered the Complaint, the allegations in it would not affect the Court's analysis.

Plaintiff suffered a wrist injury, an arm injury, and a knee injury. Id.; Doc. 45 at 2. An officer who witnessed the incident tried to go to medical personnel to obtain medical assistance for Plaintiff, but the medical personnel refused to come to Plaintiff's cell to provide assistance. Doc. 36-1 at 2.

Sometime after the alleged use of force, Defendants Kilpatrick, Clark, and Smith were walking together doing routine inspections of the cells. Doc. 36-1 at 2; Doc. 45 at 2. Plaintiff contends he informed them of alleged injuries to his arm from the earlier alleged use of force. Doc. 36-1 at 2; Doc. 45 at 2. The three Defendants, after being notified of Plaintiff's injuries while walking the rounds, just smiled at Plaintiff and walked away from him. Doc. 36-1 at 2–3; Doc. 45 at 2. On either June 3 or 4, Plaintiff submitted a grievance and complained of the use of force. Doc. 36-6 at 1–2. Defendant Kilpatrick processed the grievance and forwarded the matter for investigation by the Office of Professional Standards on June 4, 2018. Doc. 36-1 at 3.

Plaintiff's medical records show he was examined on June 5, 2018. Doc. 36-1 at 3. The report of the June 5, 2018 examination noted an arm injury, specifically a "lump under arm. No abnormalities were noted on palpation of area," and indicated Plaintiff stated this arm injury had been present for "a few weeks." Id.; Doc. 36-8 at 6. There is no mention of a knee injury in the report, and the report does not distinguish between a separate arm injury and wrist injury. Doc. 36-1 at 3; Doc. 36-8 at 6. Plaintiff's arm did not require stitches, did not require surgery, and did not require a cast because it was not broken. Doc. 36-1 at 3. However, Plaintiff contends his wrist required some sort of brace for over a year to provide support. Id. In the months following the claimed incident, Plaintiff had at least four medical appointments (June 19, June 23, June 24, and August 14, 2018) that were not completed because Plaintiff refused treatment or the appointment was canceled or terminated due to security or safety concerns

3

relating to Plaintiff. Id. at 4. But on August 16, 2018, Plaintiff had a follow-up appointment regarding his wrist injuries. Id. On October 17, 2018, Plaintiff had another follow-up medical appointment where he was advised to continue his knee strengthening and physical therapy exercises. Id.

## DISCUSSION

**I.    Legal Standard**

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)). "If the evidence [produced by the nonmoving party] is merely colorable or is not significantly probative summary judgment must be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 249 (1986) (citations omitted).

The moving party bears the burden of establishing there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing the record lacks evidence to support

the nonmoving party's case or the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)).  Once the party moving for summary judgment satisfies its initial burden, the burden shifts to the nonmoving party to come forward with specific facts showing a genuine dispute for trial.  Hinson v. Bias, 927 F.3d 1103, 1115 (11th Cir. 2019).  In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in the light most favorable to the nonmoving party.  Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011).

## II.     Declaratory and Injunctive Relief

In his Complaint, Plaintiff seeks declaratory and injunctive relief.  Doc. 1 at 8. Defendants argue this request is moot due to Plaintiff's transfer out of SSP.  Doc. 36-2 at 9. Plaintiff did not respond to this challenge.  Docs. 44, 45.

"The general rule is a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief."  McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984); see Robbins v. Robertson, 782 F. App'x 794, 800 (11th Cir. 2019) (noting "an injunction directing his former prison officials to provide Plaintiff with a particular diet would provide Plaintiff with no relief").  Although Plaintiff's lawsuit involves events which occurred at SSP, it is undisputed he has since been transferred to Macon State Prison.  Doc. 36-1 at 1. Therefore, Plaintiff's claims for declaratory and injunctive relief are moot.

## III.    Deliberate Indifference

### A.     Legal Standard

The United States Supreme Court has interpreted the Eighth Amendment Cruel and Unusual Punishment Clause to prohibit "deliberate indifference to serious medical needs of

5

prisoners." Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976)).  To prove a deliberate indifference to medical treatment claim, a plaintiff must demonstrate: (1) a serious medical need; (2) deliberate indifference to the need; and (3) a causal connection between the constitutional violation and plaintiff's injury.  Id.  The first element is an objective inquiry.  Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).  A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Id.  (quotation and citation omitted).

"Delay in access to medical attention can violate the Eighth Amendment . . . when it is tantamount to unnecessary and wanton infliction of pain."  Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), *overruled in part on other grounds by* Hope v. Pelzer, 536 U.S. 730 (2002).  If an inmate claims prison employees caused a delay in medical treatment, the court should also consider the effect of any delay when determining whether the injury is serious.  Id. at 1188.  "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed."  Id.; Owen v. Corizon Health Inc., 703 F. App'x 844, 847 (11th Cir. 2017).  When evaluating whether a delay in treatment is tolerable under the Eighth Amendment, the Court should consider both the nature of the medical need and the reason for the delay.  Hill, 40 F.2d at 1188 (citing Harris v. Coweta County, 21 F.3d 388, 393–94 (11th Cir. 1994)).  Taking these considerations into account, a delay in medical treatment violates the Eighth Amendment when it is apparent a delay would exacerbate the injuries, the delay seriously exacerbates the injuries, and the delay is not medically justified.  Taylor v. Adams, 221 F.3d 1254, 1259–60 (11th Cir. 2000) (citing Hill, 40 F.2d at 1187).

**B.     Analysis**

Defendants argue Plaintiff cannot prove their conduct violated the Eighth Amendment because he cannot show any delay in treatment made his injuries worse.  Doc. 36-2 at 12.  Construing Plaintiff's claims as delay-in-treatment claims, Defendants argue Plaintiff cannot prove such a claim because he has not produced medical evidence showing any detrimental effect resulted from the delay in treatment.  Id.  In response, Plaintiff asserts genuine disputes remain for trial because Defendants ignored his request for medical assistance the day of the assault.  Doc. 44 at 2.  However, the only factual disputes Plaintiff identifies are whether Defendants knew of his injuries and whether Defendants exhibited deliberate indifference to his medical needs by ignoring his request for help.  Id.; Doc. 45.

The Court construes Plaintiff's claims against Defendants Kilpatrick, Clark, and Smith as typical deliberate indifference claims rather than delay-in-treatment claims.  Plaintiff asserts these Defendants completely ignored his medical needs rather than putting treatment off for a certain period of time.  Regardless of how the claims are construed, no genuine dispute remains for trial.  Construing Plaintiff's claims as solely deliberate indifference claims, Plaintiff cannot prove the third element of a deliberate claim, a causal connection between the constitutional violation and any injury.  Plaintiff has not disputed he received medical treatment two days after the alleged constitutional violations by Defendants Kilpatrick, Clark, and Smith.  See Docs. 44, 45. The record from this visit does not show any worsening of Plaintiff's condition due to Defendants ignoring his medical needs two days prior.  Docs. 36-8 at 6.  Plaintiff has not disputed the only injury identified at this appointment was a lump under his arm, which Plaintiff noted had been present for a matter of weeks.  Id.  Plaintiff does not dispute the provider did not note any injuries relating to his knee or wrist.  See Doc. 44.  Although Plaintiff had more

appointments months later in which he received treatment for these issues, nothing in the medical records suggests any causal connection between Defendants Kilpatrick, Clark, and Smith's conduct and an injury. Doc. 36-8. Additionally, Plaintiff has not presented any other evidence tending to show a causal connection. Plaintiff has not included anything in his declaration, for example, suggesting his injuries worsened due to Defendants' conduct. Doc. 45. Thus, no reasonable jury could find Defendants' deliberate indifference caused Plaintiff injury.

Even if the Court were to construe Plaintiff's claims as delay-in-treatment claims, Plaintiff cannot prevail. Plaintiff has not produced verifying medical evidence to show a detrimental effect of any delay in treatment, which is a requirement to prove a delay-in-treatment claim under the Eighth Amendment. Hill, 40 F.2d at 1188. Indeed, Plaintiff has not submitted any evidence—medical or otherwise—tending to show the delay had a detrimental effect. Docs. 44, 45. Accordingly, no reasonable jury could find Defendants' delay in providing medical treatment violates the Eighth Amendment.

## IV. Qualified Immunity

### A. Legal Standard

Defendants also argue they are entitled to qualified immunity to Plaintiff's claim. Doc. 36-2 at 13. Qualified immunity shields officials from civil liability so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Crocker v. Beatty, No. 18-14682, 2021 WL 1540665, at *1 (11th Cir. Apr. 20, 2021) (citing Mullenix v. Luna, 577 U.S. 7, 11 (2015)). When qualified immunity applies, it is "an immunity from suit rather than a mere defense to liability." Id. (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). The doctrine shields "all but the plainly incompetent or

those who knowingly violate the law." Id. (citing Gates v. Khokhar, 884 F.3d 1290, 1296 (11th Cir. 2018)).

"To receive qualified immunity, the officer must first show that he acted within his discretionary authority." Id. (citing Lewis v. City of W. Palm Beach, 561 F.3d 1288, 1291 (11th Cir. 2009)).  Where it is undisputed the officer was acting within his discretionary authority, it falls to the plaintiff to "show that qualified immunity should not apply." Id.  To do so, the plaintiff must allege facts establishing both the officer violated a constitutional right and the relevant right was "clearly established" at the time of the alleged misconduct. Id. (citing Jacoby v. Baldwin County, 835 F.3d 1338, 1344 (11th Cir. 2016)).  The court considering the issue may address either prong or both. Id. (citing Pearson v. Callahan, 555 U.S. 223, 231, (2009)).

On the second prong, only decisions of the United States Supreme Court, the Eleventh Circuit Court of Appeals, or the highest court in a state can "clearly establish" the law. Id. (citing Gates, 884 F.3d at 1296).  Because only clearly established law gives an officer "fair notice that [his] conduct was unlawful," the Supreme Court has held the contours of the constitutional right at issue "must be sufficiently clear [so] that a reasonable official would understand that what he is doing violates that right." Id. (citing Brosseau v. Haugen, 543 U.S. 194, 198 (2004), and Hope v. Pelzer, 536 U.S. 730, 739 (2002)).

Under the Eleventh Circuit precedent, a right can be clearly established in one of three ways. Id.  The plaintiff must point to either (1) "case law with indistinguishable facts," (2) "a broad statement of principle within the Constitution, statute, or case law," or (3) "conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." Id. (citing Lewis, 561 F.3d at 1291–92).  Although options two and three can suffice, the Supreme Court has warned courts not to "define clearly established law at a high level of

generality." Id. (citing Plumhoff v. Rickard, 572 U.S. 765, 779 (2014)). Therefore, the second and third paths are "rarely-trod ones." Id. (citing Gaines v. Wardynski, 871 F.3d 1203, 1209 (11th Cir. 2017)). And when a plaintiff relies on a "general rule" to show the law is clearly established, the rule must apply with "obvious clarity to the circumstances." Id. (citing Long v. Slaton, 508 F.3d 576, 584 (11th Cir. 2007), and Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir. 2010) ("[I]f a plaintiff relies on a general rule, it must be obvious that the general rule applies to the specific situation in question.")).

### B. Analysis

Defendants assert they acted within their discretionary authority while carrying out their duties as SSP employees. Doc. 36-2 at 13. Plaintiff has not disputed this. Docs. 44, 45. Furthermore, everything in the record demonstrates these Defendants were correctional officers at the time of the alleged misconduct and their actions were undertaken pursuant to the performance of their duties and were within the scope of their authority. Accordingly, Defendants were acting within their discretionary authority while carrying out their duties.

Once discretionary authority has been established, the burden shifts to Plaintiff to show qualified immunity is inappropriate. Defendants argue Plaintiff cannot show they violated clearly established law, and, in fact, controlling case law shows Defendants did not violate Plaintiff's Eighth Amendment rights. Id. at 13–14. Plaintiff filed a Response but failed to point to any similar case law that would have put Defendants on notice their conduct was unconstitutional. Doc. 44. Plaintiff has not asserted Defendants' conduct violated a broader principle or was so egregious that a constitutional right was clearly violated. The Court is also not aware of any authority tending to show Defendants' conduct violated clearly established law. Therefore, Plaintiff has not satisfied his burden of showing qualified immunity is inappropriate.

For the reasons discussed above, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgment. Because the Court finds Plaintiff cannot prove an Eighth Amendment claim and Defendants are entitled to qualified immunity, the Court declines to address whether Plaintiff exhausted his administrative remedies.

## V.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims and these Defendants' Motion for Summary Judgment, there are no non-frivolous issues to raise on appeal, and an appeal on these

claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgment, **DIRECT** the Clerk of Court to enter the appropriate judgment in favor of these three Defendants, and **DENY** Plaintiff *in forma pauperis status* on appeal. Because I have recommended granting summary judgment in favor of Defendants, I **DENY as moot** Plaintiff's Motion to Stay Proceedings.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or any other filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 5th day of August, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA